|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | THOMAS WINTER, | |
| 11 | Petitioner, | No. CIV S-05-0543 FCD EFB P |
| 12 | vs. | |
| 13 | A.K. SCRIBNER, | |
| 14 | Respondent. | ORDER |
| 15 | _____/ | |

Petitioner, a state prisoner proceeding pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his 2001 convictions and resulting sentence for robbery and first degree felony murder with special circumstances. Petitioner contends that (1) the trial court violated his constitutional rights by admitting at trial a statement from petitioner that was obtained during a custodial interrogation in which he was not properly advised of his right to remain silent and in which his attempts to stop the interrogation were ignored, (2) the evidence admitted at trial was insufficient to support each of his convictions, and (3) the jury was improperly instructed at trial regarding the requisite concurrence of petitioner's criminal acts and intent. As noted below, the court has determined that supplemental briefing in necessary. Additionally, in light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of

counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of petitioner's habeas petition, the court finds that additional briefing on specific issues would be of material assistance to the court. Specifically, the court requests briefing from each party on the following issues:

a. Whether one or more of petitioner's pre-*Miranda* statements amounted to an invocation of the right to remain silent, and if so, whether petitioner exhausted any such claim;

b. Whether one of more of petitioner's post-*Miranda* statements amounted to an invocation of the right to remain silent;

c. Whether petitioner's *Miranda* waiver and/or post-*Miranda* statements were involuntary; and

d. Whether petitioner's post-*Miranda* statements were inadmissible under *Oregon v. Elstad*, 470 U.S. 298 (1985) and/or *Missouri v. Seibert*, 542 U.S. 600 (2004).

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition and this order on David Porter, Assistant Federal Defender.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

4. On or before May 7, 2010, petitioner shall file a brief addressing the issues outlined above.

5. On or before May 28, 2010, respondent shall file a brief addressing the issues outlined above and responding to any brief filed by petitioner.

////

////

////

1. 6. On or before June 18, 2010, petitioner may file a response to any brief filed by
2. respondent.
3. DATED: March 10, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE